UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 00-4355

KENROY ANTHONY STEWART,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-108)

Submitted: May 31, 2001

Decided: June 11, 2001

Before WILKINS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

S. Y. Mason-Watson, Charlotte, North Carolina, for Appellant. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenroy Anthony Stewart pled guilty to one count of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2), (c) (1994). Stewart's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as a potentially meritorious issue the district court's denial of a sentence reduction for acceptance of responsibility. *U.S. Sentencing Guidelines Manual* § 3E1.1 (1998). Stewart was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Stewart stipulated that, while he was seated next to an eleven-year-old girl on an overnight transcontinent flight, he first pushed and rubbed her buttocks; then with his hand outside her dress tried to move his hand under her underwear; then put his hand under her dress, moved it up to her mid-thigh, and told her he wanted to "touch your pussy." Despite his guilty plea and stipulation that his conduct was as described by the victim, Stewart maintained that he was intoxicated and possibly asleep during the incident, that he did not remember it, and that his actions were unintentional. The district court found that a preponderance of the evidence indicated that Stewart had not accepted responsibility for his conduct. Because Stewart did not affirmatively acknowledge his criminal conduct, we find that the district court did not clearly err in denying the adjustment. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) (defendant who denies guilty intent not entitled to adjustment).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid

the decisional process.

*AFFIRMED*